**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| EYNNER DANILO SANDOVAL CIPAGAUTA,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, et al.,<br><br>Respondents. | ) | Case No. CIV-26-1978-SLP |

**<u>O R D E R</u>**

Before the Court is *pro se* Petitioner's Petition for Writ of Habeas Corpus [Doc. No. 1]. It appears that Petitioner filed a previous habeas petition under 28 U.S.C. § 2241, on June 29, 2026, challenging his immigration detention. *See* Previous Cases, [Doc. No. 2]; *Sandoval-Cipagauta v. Mullin et al.*, Case No. 26-cv-01608-SLP.

The Court finds that the instant Petition, [Doc. No. 1], is duplicative. Petitioner is free to continue prosecuting his claims in his earlier § 2241 action, which is currently pending before the Court. *See Sandoval-Cipagauta v. Mullin et. al.*, Case No. 26-cv-01608-SLP; *see also Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011) ("The rule against claim-splitting requires a [litigant] to assert all of [his] causes of action arising from a common set of facts in one lawsuit."); *Rizo Gomez v. Dep't of Homeland Sec.*, No. 26-CV-1147-KWR-JFR, 2026 WL 1052351, at *1 (D.N.M. Apr. 17, 2026) (dismissing pro se petitioner § 2241 petition as duplicative).

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus, [Doc. No. 1], is DISMISSED without prejudice as a duplicative action.[1]

A separate judgment of dismissal shall be entered concurrently with this Order.

IT IS SO ORDERED this 26th day of August, 2026.

**SCOTT L. PALK**
**CHIEF UNITED STATES DISTRICT JUDGE**

[1] *Katz*, 655 F.3d at 1217 ("District courts have discretion to control their dockets by dismissing duplicative cases.")